STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-433


STERLING TIMBER ASSOCIATES, L.L.C.

VERSUS

UNION GAS OPERATING COMPANY, ET AL.


**********

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-2013-431
HONORABLE JOEL G. DAVIS, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Shannon J. Gremillion, Judges.


AFFIRMED.

Michael W. Mengis
Joshua C. Thomas
Baker & Hostetler, LLP
811 Main Street, Suite 1100
Houston, TX 77002
(713) 646-1330
COUNSEL FOR DEFENDANT/APPELLEE:
    Union Gas Operating Comapny

**Michael B. Holmes**
**Hebert, Holmes & Bertrand**
**P. O. Drawer 790**
**Kinder, LA 70648-0790**
**(337) 738-2568**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **O'Neal Stuart Investments, LLC**
    **Barbara L. O'Neal**

**Al J. Robert, Jr.**
**Law Office of Al J. Robert, Jr., L.L.C.**
**757 St. Charles Avenue, Suite 301**
**New Orleans, LA 70130**
**(504) 309-4852**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Sterling Timber Associates, L.L.C.**

**Michael J. Williamson**
**Plauche, Smith & Nieset**
**P. O. Drawer 1705**
**Lake Charles, LA 70602**
**(337) 436-0522**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Jeffrey H. Darbonne**

**David Jefferson Dye**
**David Jefferson Dye, L.L.C.**
**1204 Napoleon Avenue**
**New Orleans, LA  70115**
**(504) 891-4306**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Sterling Timber Associates, L.L.C.**

**Michael S. Heier**
**Assistant Attorney General**
**P. O. Box 94005**
**Baton Rouge, LA 70804-9005**
**(225) 326-6085**
**COUNSEL FOR OTHER APPELLEE:**
    **State of Louisiana**

**SAUNDERS, Judge.**

This is a mineral rights case stemming from whether La. R.S. 31:76 or La. R.S. 31:77 should apply in determining ownership rights to minerals when property is sold while it is subject to a mineral servitude in favor of a third party. Here, the seller of the property reserved mineral rights it did not own at the time of the sale in the sale document. Further, the buyer of the property executed a mineral deed in favor of the seller, even though the buyer of the property also currently had no rights to the minerals due to the mineral servitude.

The trial court found that La. R.S. 31:76 applied based on the controlling case of *Rodgers v. CNG Producing Co.*, 528 So.2d 786 (La.App. 3 Cir.), *writ denied*, 532 So.2d 180(La.1988). As such, the trial court granted summary judgments against the seller because it had no ownership interest in the relevant minerals. The seller appeals. We affirm.

**FACTS AND PROCEDURAL HISTORY:**

This action relates primarily to two parcels of property located in Allen Parish. In August 1995, the property was subjected to a ten-year mineral servitude. On October 8, 2004, Sterling Timber Associates ("Sterling") sold the two parcels of property as part of a sale of more than 14,000 acres located in Allen, Beauregard, Calcasieu, and Jefferson Davis Parishes to O'Neal Stuart Investment, L. L. C. and Barbara L. O'Neal (collectively "OSI"). When the sale transpired, the property was subject to a mineral servitude. Despite this fact, in the sale agreement, Sterling retained all mineral rights to the property. On that same date, OSI executed a mineral deed in favor of Sterling on the 14,000 plus acres.

In August 2010, OSI entered into mineral leases with Orbit Energy Partners for the two parcels. Orbit Energy Partners subsequently assigned the leases to

Union Gas Operating Company ("Union Gas"), which successfully drilled and began production on the two parcels.

Sterling served notice and demand upon Union Gas for its alleged entitlement to the minerals being extracted from the two parcels. Union Gas denied Sterling's demand.

Sterling filed a petition for declaratory judgment and supplemental relief against Union Gas and OSI in an attempt to enforce its alleged mineral rights to the two parcels. After the parties answered, OSI filed a reconventional demand against Sterling seeking to rescind the October 8, 2004 mineral deed and seeking damages for alleged bad faith. Sterling answered OSI's reconventional demand. Thereafter, Union Gas and OSI filed motions for summary judgment. Next, Sterling opposed the motions for summary judgment and filed for, and was granted, leave to file an amended petition.

The trial court granted Union Gas and OSI's motion for summary judgment, but limited those judgments to issues raised by Sterling's original petition because the original motions for summary judgment did not address all the causes of action asserted in Sterling's amended petition. Union Gas and OSI then filed supplemental motions for summary judgment that addressed the causes of action asserted in Sterling's amended petition. The trial court granted those supplemental motions. Sterling appeals the granting of Union Gas and OSI's motions for summary judgment, raising the seven assignments of error that follow:

**ASSIGNMENTS OF ERROR:**

1. The district court erred in finding that Union Gas and OSI met the burden for summary judgment and by disregarding genuinely disputed issues of material fact.

2.     The district court erred by not finding that Union Gas was bound by the documents filed in the Public Record.

3.     The district court erred in its findings that the parties did not have an enforceable contract pursuant to La. R.S. 31:3.

4.     The district court erred by not considering whether OSI and Union Gas acquiesced to the provisions in the October 8, 2004 Act of Sale and Mineral Deed in favor of Sterling also dated October 8, 2004.

5.     The district court erred in finding that *Rodgers v. CNG Producing Co.* is applicable to the facts of this matter.

6.     The district court erred in its failure to apply the after-acquired title doctrine from La. R.S. 31:77 to the facts of this matter.

7.     The district court erred in its finding that statutory damages, interest, and attorney fees are not available to Sterling pursuant to [La.] R.S. 30:10(A)(2)(b)(ii)(ff) and La. R.S. 31:212.23.

## ASSIGNMENT OF ERROR NUMBER FIVE:

Sterling contends, in its fifth assignment of error, that the trial court erred in finding *Rodgers v. CNG Producing Co.* is applicable to the facts of this matter. We address this assignment of error before any other because it decides an issue in this appeal that potentially renders the remaining assignments of error without merit, i.e., whether Sterling had any ownership interest in the minerals of the relevant property.

*Standard of Review*

On July 9, 2015, Union Gas and OSI filed motions for summary judgment. Prior to the trial court hearing these motions, on September 4, 2015, Sterling amended its petition. On October 19, 2015, Union Gas and OSI filed a supplemental motion for summary judgment to address any new claims brought by Sterling in its amended petition. The trial court granted Union Gas and OSI's initial motions for summary judgment on November 16, 2015. At the first hearing,

the trial court stated that any new claims asserted in Sterling's amended petition remained pending. After a hearing on February 23, 2016, the trial court reaffirmed its order granting Union Gas and OSI's motion for summary judgment. This resulted in dismissal of all claims Sterling had against Union Gas and some, but not all, of its claims against OSI.

> "Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate." *Elliott v. Continental Cas. Co.*, 06-1505, p. 10 (La. 2/22/07), 949 So.2d 1247, 1253 (quoting *Reynolds v. Select Props., Ltd.*, 93-1480 (La. 4/11/94), 634 So.2d 1180, 1183). A summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art.966(B)(2).[5]
>
> > [5] We note that La.Code Civ.P. art. 966 was amended by 2015 La. Acts No. 422, § 1, and its provisions became effective on January 1, 2016. This matter is considered applying the provisions of the Louisiana Code of Civil Procedure as they existed at the time of the trial court's consideration. See 2015 La. Acts. No. 422, § 2 which states:"The provisions of this Act shall not apply to any motion for summary judgment pending adjudication or appeal on the effective date of this Act."

*Savoie v. Calcasieu Parish Ward Four Fire District No. 2*, p. 5 (La.App. 3 Cir. 9/28/16), __ So.3d__, __ (footnote in original).

*On the Merits*

Union Gas and OSI asserted in the hearings on the motions that *Rodgers*, 528 So.2d 786 was controlling. Much like this assignment of error, in *Rodgers*, this court adjudicated whether the facts before it warranted the application of La. R.S. 31:76 or La. R.S. 31:77 of our mineral code.

Louisiana Revised Statutes 31:76 succinctly states, "[t]he expectancy of a landowner in the extinction of an outstanding mineral servitude cannot be

4

conveyed or reserved directly or indirectly." An exception to this rule is found in the codification of the after-acquired title doctrine found in La. R.S. 31:77, which states:

> If a party purports to acquire a mineral servitude from a landowner when the right purportedly acquired is outstanding in another and the landowner either subsequently acquires the outstanding right or is the owner of the land at the time it is extinguished, the after-acquired title doctrine operates to vest the right in the party who purported to acquire it to the full extent of his title.

In *Rodgers*, the property was sold in 1975, but was subject to a ten-year mineral servitude originating in 1968. The same day as the purchase, the buyer of the property conveyed all the mineral rights back to the seller. The *Rodgers* court nullified the second transaction as a disguised reservation of reversionary mineral rights, a violation of public policy and directly forbidden by La. R.S. 31:76.

The *Rodgers* court also found that La. R.S. 31:77 did not apply because the purpose of that statute was "protecting an innocent purchaser from an oversale of mineral rights by a land owner." *Rodgers*, 528 So.2d at 789. An "oversale" is when a tract might be subject to grants or reservations in excess of the grantor's ownership interest, i.e., the putative burden in excess of the owned mineral rights. Patrick H. Martin, LOUISIANA MINERAL LAW TREATISE 141 (Patrick H. Martin ed., Claitor's Publishing Division) 2012.

Here, like in *Rodgers*, Sterling, the seller, sold property that was burdened by a mineral servitude. Also like in *Rodgers*, the sale instrument included indication that the seller's reservation of the mineral rights was a consideration of the sale. In *Rodgers*, the sale instrument included a provision stating that the seller retaining the mineral rights was "an integral part of this sale." Here, the sale instrument specifically excluded the mineral rights. Moreover, as was the case in

5

*Rodgers*, OSI, the buyer of the property, conveyed the mineral rights to Sterling, the seller of the property, in an instrument executed on the same day as the sale of the land. Finally, in *Rodgers* and in this case, the purchaser of the property knew that the seller presently owned no mineral interest in the land. Only a future right to receive the mineral rights through nonuse was potentially present. As such, like in *Rodgers*, there was not an "oversale" here where an innocent party needed protection from a seller's attempt to sell something that the seller did not presently own.

Given all the factual similarities, we agree with the trial court and find that *Rodgers* is directly on point and applicable to the case before us. Sterling's claim to ownership in the minerals is based on disguised reservations of reversionary mineral rights. This is a violation of public policy and is directly forbidden by La. R.S. 31:76. Sterling raised no argument that was not considered previously by this court in *Rodgers*. Further, Sterling presented no argument that was not placed before our supreme court when writs were denied in the *Rodgers* case. As such, we find no merit in Sterling's fifth assignment of error.

**REMAINING ASSIGNMENTS OF ERROR:**

We found above that the *Rodgers* case is applicable and dispositive of whether Sterling had any ownership interest in the minerals of the relevant property. It is Sterling's burden to prove at trial that it has an ownership interest in the minerals. Union Gas and OSI, in their motions for summary judgment, rightfully assert that an essential element for any of the claims Sterling has brought is that Sterling has an ownership interest in the relevant minerals. Further, Union Gas and OSI pointed out an absence of any evidence that Sterling had such an

6

ownership interest. The burden then shifts to Sterling to present evidence that it can carry its burden to prove its ownership interest in the relevant minerals.

After reviewing the record, we find Sterling has presented no evidence which indicates it can carry this burden of proof at trial. Accordingly, we find that Union Gas and OSI are entitled to summary judgment and Sterling's remaining assignments of error are without merit.

## DISPOSITION:

Sterling Timber Associates, L.L.C. raise seven assignments of error. We find no merit to any of these assignments. As such, we affirm the trial court's findings and judgment and assess all costs of these proceedings to Sterling Timber Associates, L. L. C.

**AFFIRMED.**